Bradley BELL, on behalf of himself, and all others similarly situated, Plaintiffs,

v.

John MANSON, Individually, and as Commissioner of Correction, State of Connecticut, et al., Defendants.

Civ. No. B–76–84.

United States District Court, D. Connecticut.

Sept. 27, 1976.

Sue L. Wise, Legal Assistance to Prisoners, New Haven, Conn., for plaintiffs.

Carl R. Ajello, Atty. Gen., Stephen J. O'Neill, Asst. Atty. Gen., Hartford, Conn., for defendants.

### RULING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

ZAMPANO, District Judge.

In this civil rights class action, brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201, plaintiffs challenge the constitutionality of anal examinations of pretrial detainees at the Community Correction Center (hereinafter the "Center"), Bridgeport, upon their return from court appearances.[1] A hearing was held on the plaintiffs' application for a preliminary injunction and comprehensive briefs have now been filed.

### I

Plaintiffs' witnesses included five unconvicted inmates who testified to the location and procedures involved in the strip searches, and a general surgeon who described the anatomy of the rectal area and the methods he employs to avoid embarrassment to patients who receive anal examinations. Defendants produced three witnesses: two correctional officers at the Center who related the practices routinely followed in conducting the body inspections, and the Commissioner of Corrections who explained the need for such close surveillance in the prison community.

The testimony established that pretrial detainees are strip searched with rectal inspections upon their return to the Center after all court appearances where, as a general rule, they were in contact with attorneys, friends, relatives, and other prisoners being held in the court's "holding cells." Each inmate in the presence of two correctional officers in a private room is required to remove his clothing, ruffle his hair, raise his arms, open his fingers and feet, and then bend over and spread his buttocks to reveal his anus to the guards. At no time is the inmate touched by a correctional officer, nor does the evidence produced indicate that guards verbally subject an inmate to humiliation or abuse.

### II

It is true that many of the constitutional rights enjoyed by ordinary citizens must be diluted in a prison environment. "Lawful incarceration brings about the necessary withdrawal of limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 93 L.Ed. 1356 (1948). However, it must be emphasized that pretrial detainees may be treated as prisoners only to the extent the security, internal order, health and discipline of the prison demand. *Detainees of Brooklyn H. of Det. for Men v. Malcolm,* 520 F.2d 392, 397 (2 Cir. 1975); *Seale v. Manson,* 326 F.Supp. 1375, 1379 (D.Conn.1971). Considerations of rehabilitation, deterrence and punishment are not relevant factors when an unconvicted inmate challenges on constitutional grounds a regulation or procedure governing prison life. *Rhem v. Malcolm,* 371 F.Supp. 594, 623 (S.D.N.Y.), aff'd, 507 F.2d 333 (2 Cir. 1974). It also must be noted that a prisoner's "surrender of privacy is not total and that some residuum

1. Initially the plaintiffs also requested an order enjoining the use of punitive segregation cells at the Center. This request for injunctive relief was withdrawn at the hearing.

meriting the protection of the Fourth Amendment survives the transfer into custody." *Bonner v. Coughlin,* 517 F.2d 1311, 1316 (7 Cir. 1975); cf. *Sostre v. Preiser,* 519 F.2d 763, 764 (2 Cir. 1975).

In balancing the need for a body cavity search of inmates against the claimed constitutional rights asserted by the inmates, most courts have determined that strip searches lie within the sound discretion of prison officials and do not in and of themselves constitute violations of prisoners' Fourth Amendment rights. See *Daugherty v. Harris,* 476 F.2d 292 (10 Cir.), cert. denied, 414 U.S. 872, 94 S.Ct. 112, 38 L.Ed.2d 91 (1973) (rectal search of inmates at maximum security institution prior to court appearances); *Hodges v. Klein,* 412 F.Supp. 896 (D.N.J.1976) (rectal search of prison inmates upon leaving or entering the institution and following personal contact visits with other inmates or friends and relatives); *Giampetruzzi v. Malcolm,* 406 F.Supp. 836 (S.D.N.Y.1975) (strip search of pretrial detainees after personal visits); *Penn El v. Riddle,* 399 F.Supp. 1059 (E.D. Va.1975) (body cavity search of inmate at state penitentiary within discretion of prison officials); *Gettleman v. Werner,* 377 F.Supp. 445 (W.D.Pa.1974) (isolated strip search of former prison employee appropriate where employee had recently transferred contraband to inmate and refused search); cf. *Black v. Amico,* 387 F.Supp. 88 (W.D.N.Y.1974) (strip search of visitor to pretrial detainee enjoined where no real suspicion of introducing contraband and less offensive measures available).

Under the circumstances of this case, the Court finds that strip and rectal searching is not unreasonable. The practice is reasonably designed to. promote the security and internal order of the Center. This type of search enables correctional officers to thwart attempts by returning inmates to smuggle in drugs, money, weapons and other items of contraband which may be small enough to be concealed in a body cavity. Moreover, the detainee's knowledge that such a search will be conducted has a beneficial deterrent effect. Under these circumstances, the prison officials' interest in maintaining proper security outweighs the inmates' rights to be free from the embarrassing submission to strip searches upon their return from court appearances and other outside visits.

Accordingly, having failed to demonstrate a clear showing of a likelihood of success at trial and irreparable injury, *Checker Motors Corp. v. Chrysler Corp.,* 405 F.2d 319, 323 (2 Cir.), cert. denied, 349 U.S. 999, 89 S.Ct. 1595, 22 L.Ed.2d 777 (1969), the plaintiffs' application for a preliminary injunction is denied.